Paul R. CHABOT

v.

SANFORD ZONING BOARD OF
APPEALS et al.

Supreme Judicial Court of Maine.

Nov. 20, 1979.

Ross A. Kimball (orally), Ralph A. Dyer, III, Portland, for plaintiff.

Bernstein, Shur, Sawyer & Nelson by George M. Shur (orally), Barnett I. Shur, Portland, for Town of Sanford.

Bourque, Brodrick & Scaccia by Ronald D. Bourque, Sanford, for defendants Dubois and RMR, Inc.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

MEMORANDUM OF DECISION.

Plaintiff appeals from an order of the Superior Court (York County) dismissing with prejudice his complaint seeking the nullification of a setback variance granted by defendant Sanford Zoning Board of Appeals. Plaintiff's appeal to the Superior Court was governed by 30 M.R.S.A. § 2411(3)(F):

An appeal may be taken, within 30 days after decision is rendered, by any *party* to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B.

(Emphasis added). It was established in *Pride's Corner, etc. v. Westbrook Board, etc.*, Me., 398 A.2d 415, 417–18 (1979), that to be able to appeal as a "party" pursuant to section 2411(3)(F), one not only must have participated in the proceeding before the zoning board but also must have suffered particularized injury from the board's decision.[1] Here plaintiff pleaded only that he was a resident and property owner in the town of Sanford. He did not plead or prove any injury from the zoning board's decision, particular or otherwise. He thus failed to bring himself within the class of persons who are authorized by section 2411(3)(F) to invoke appellate review by the Superior Court.

The entry will be:

Appeal denied.

Judgment of dismissal affirmed.

POMEROY and ARCHIBALD, JJ., did not sit.

---

1. We are dealing here only with the statutory authority to appeal, and not with "standing" in its manifold meanings. *See Walsh v. City of Brewer*, Me., 315 A.2d 200, 205–06 (1974); *Barlow v. Collins*, 397 U.S. 159, 167, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970) (Brennan, J., concurring and dissenting).